932 So.2d 290 (2005)
Terrell M. NURSE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3644.
District Court of Appeal of Florida, Second District.
November 18, 2005.
*291 James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Amanda Lee Colon, Assistant Attorney General, Tampa, for Appellee.
BY ORDER OF THE COURT:
Appellant's motion for rehearing filed June 23, 2005, is granted in part. The opinion dated June 10, 2005, is withdrawn to the extent only that footnote two on page three has been altered, and the attached opinion is substituted therefor. No further motions for rehearing will be entertained.
ALTENBERND, Judge.
Terrell Nurse appeals a judgment for grand theft of a will and a sentence of five years' imprisonment, raising various issues. Because the trial court admitted improper hearsay evidence regarding the location of critical fingerprint evidence, we reverse for a new trial.
On January 9, 2003, a home in Mr. Nurse's neighborhood was burglarized. Among the items missing from the home was a strongbox containing two wills. Within hours of the burglary, the strong-box containing the wills, now apparently broken or unlocked, was found in an open trash can in a back alley near Mr. Nurse's residence.
Police officers lifted latent fingerprints from the strong box and from objects at the scene of the burglary. At trial, however, the State did not present evidence as to who lifted what fingerprints from what location. Rather, the State called a latent print examiner who opined that a fingerprint taken of Mr. Nurse matched a fingerprint lifted from the crime scene. When the prosecutor asked the examiner if he knew where the latent print came from, the examiner responded, "I know what the information the forensic specialist indicates on the back of the lift." Over objection, the examiner was permitted to testify that the information he received indicated the print was taken from the top exterior of the strong box.
It appears that the police had collected evidence other than the latent print connecting Mr. Nurse to the theft and potential burglary. Prior to trial, Mr. Nurse filed a motion in limine to exclude much of this evidence. The trial court granted this motion.[1] Thus, at trial, the fingerprint allegedly taken from the top of the strongbox containing the two wills was the only remaining critical evidence connecting Mr. Nurse to the crime.
Mr. Nurse initially argues that the single fingerprint found on the exterior of the strong box containing the wills was insufficient circumstantial evidence to convict him of the theft of the wills, and therefore the trial court should have granted his motion for judgment of acquittal.[2] We conclude that the State presented sufficient evidence to rebut any reasonable *292 hypothesis of innocence, and thus the case was properly presented to the jury. The short time between the burglary and the discovery of the box, the somewhat isolated location of the strongbox both prior to its theft and when it was found, the obvious importance of such an item, and its proximity to the scene of the burglary and Mr. Nurse's residence provided sufficient evidence from which the jury could have excluded every reasonable hypothesis except that of Mr. Nurse's guilt. See K.S. v. State, 814 So.2d 1190 (Fla. 5th DCA 2002); Sorey v. State, 419 So.2d 810 (Fla. 3d DCA 1982). Therefore, the trial court properly denied Mr. Nurse's motion for judgment of acquittal.
The latent fingerprint, however, given its location on the strongbox containing the wills, was critical to the State's ability to prove grand theft in this case because it was the primary evidence connecting Mr. Nurse to the theft of the wills. The only testimony the State offered regarding the location of the latent print was the inadmissible hearsay testimony that the print examiner "knew" the location of the print based upon notations made by a forensic specialist. See § 90.801(1)(c), Fla. Stat. (2003) (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). The trial court erred in overruling the objection to Mr. Nurse's testimony and thus not requiring the State to present the direct testimony of the forensic specialist who obtained the latent print. Given the critical nature of this testimony to connect Mr. Nurse to the crime, the error in admitting this evidence cannot be deemed harmless. On this basis, we reverse Mr. Nurse's conviction for grand theft of a will and remand for a new trial.
Because we reverse based on the improper admission of critical hearsay evidence, we need not address the remaining issues Mr. Nurse has raised regarding his trial. Nevertheless, we comment briefly on a closing argument made by the prosecutor. After some initial comments on the evidence during his closing argument, the prosecutor stated:
At the beginning of this trial in jury selection and when the judge read to you the law he explained to you that the defendant carries the presumption of innocence and that the State has the burden of proving this case beyond a reasonable doubt. [Mr. Nurse] no longer has that presumption.
When Nurse's objection to this comment was overruled, the prosecutor repeated, "He no longer has that presumption" and continued reviewing the evidence the prosecutor believed proved the case.
A defendant is presumed innocent until his or her guilt is proved to the exclusion of a reasonable doubt. See Davis v. State, 90 So.2d 629, 631 (Fla. 1956). It was up to the jury to determine whether this burden had been met. Although the prosecutor could argue that the evidence was sufficient to meet the State's burden, it was improper for the prosecutor to specifically state that Mr. Nurse no longer had the presumption simply because evidence had been presented. Although we do not reverse Mr. Nurse's case on this basis, we caution prosecutors against the use of this argument.
Reversed and remanded for new trial.
FULMER, C.J., and WHATLEY, J., Concur.
NOTES
[1] The precise evidence excluded as a result of the motion in limine and the rationale for excluding the items is not fully clear in our record and is not an issue raised on appeal. Thus, our opinion should not be interpreted as either agreeing or disagreeing with the trial court's ruling in this regard. In a new trial, this issue may be revisited.
[2] The issues of whether the theft of a testamentary instrument as defined in section 812.014(2)(c)(4), Florida Statutes (2003), is a specific intent crime or whether the evidence in this case supported a finding of specific intent are not issues presented in this appeal.